**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Neal Allen SHEA, Defendant-Appellant.**

**No. 74–1223.**

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1975.

84

Gerald L. Burrows, Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Sherman D. Johnson, Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, AINSWORTH and GEE, Circuit Judges.

GEWIN, Circuit Judge:

This appeal is from a conviction on a charge of refusing to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C.App. § 462. Appellant Shea represented himself at trial. He contends on appeal that he did not knowingly, intelligently and willingly waive assistance of counsel and, therefore, argues that his Sixth Amendment right to counsel was violated. He also asserts that he was unduly prejudiced by the local selective service board's alleged failure to notify him, in compliance with 32 C.F.R. § 1632.2, that his induction was being held in abeyance. Finally, he claims that his local board ignored his admitted narcotics addiction and alleged physical disabilities and improperly declared him fit for induction. We find no merit in his contentions and affirm his conviction.

Shea registered with his local draft board in Marietta, Georgia, on November 9, 1967. He was classified 1A by the local board on November 29, 1968. This classification was not challenged until almost a year later when he was ordered to report for induction. Shea was ordered to report for a physical examination on April 29, 1969. He reported and was found medically qualified by the examining physician at the Armed Forces Entrance and Examination Station (AFEES). On August 25, 1969, he was ordered to report for induction on September 8. He reported and raised several objections to the physician's finding. He was then allowed time to submit documentary evidence to support his claims of medical disqualification since these claims had not been verified by the examining physician. On September 13, 1969, he signed a security questionnaire (DD Form 398) in which he denounced his support for and his loyalty to the United States government and made known his intention to join the Communist Party of the United States. On November 4, 1969, his selective service file was marked "Acceptability for induction held in abeyance, not presently acceptable for induction." Shea was not found acceptable by AFEES until May 20, 1970. He was then advised immediately by letter from his local board dated May 25, 1970, that he was eligible for induction and that, pursuant to the original order of August 25, 1969, he should report on June 8, 1970. He then requested a Conscientious Objector Form (CO) (SSS Form 150) from his local board. On June 3, he filed for CO status and on the following day, was advised that the facts in his SSS Form 150 did not warrant a re-opening of his classification. At Shea's request, he was given a new reporting date of June 15, 1970. He failed to report as ordered. On July 13, 1970, he filed a second SSS Form 150 and was later advised that, as was the case with his first Form 150, this new information did not warrant a re-opening of his classification.[1] Pursuant to

---

1. It should be noted that appellant's conscientious objector claim was not raised until after he received his order of induction. In the circumstances of this case it was not appro-priate for the draft board to re-open his classification and consider his claim. Such claim should be presented through appropriate military channels after induction. Elhert v. Unit-

the original induction order, Shea was told to report for induction on August 6, 1970. He reported and was again found medically qualified, but he refused induction by choosing not to take the ceremonial step forward.

The file of Shea reflects that at the time of his trial he was twenty-four years old. He graduated from Marietta High School in 1968. He attended Junior College for a time and apparently did extensive reading.

 The Sixth Amendment guarantees the right to the assistance of counsel at trial. If a defendant cannot afford to retain his own counsel, he is entitled to a court-appointed attorney. In criminal prosecutions, the Sixth Amendment assures that an individual may not be deprived of life or liberty unless he has counsel, or knowingly, intelligently and voluntarily waives the assistance of counsel. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Courts indulge every reasonable presumption against waiver of a fundamental right, and it is clear that the waiver must be an intentional abandonment of a known right or privilege. The determination of whether a waiver has been made intelligently, willingly, and knowingly depends upon the facts and circumstances of each particular case and upon the background, experience, and conduct of the defendant. Johnson v. Zerbst, 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466. With these elementary principles in mind, we turn our consideration to Shea and the

claim that his waiver of counsel was invalid.

The question of voluntary, knowing, and intelligent waiver arose at two stages of Shea's prosecution: the arraignment and the trial itself. At the arraignment before Judge Edenfield, Shea was told that an attorney would be appointed for him if he could not afford one. When asked if he wished to be represented by an attorney, he answered, "If I could have my own choosing. If not, I rather not." When told that it was not possible for the court to appoint an attorney of Shea's own choosing, Shea replied, "Well, I just as soon handle my own defense." After hearing his plea of not guilty, Judge Edenfield reiterated, "Now, if you decide you want a lawyer appointed, Mr. Shea, you let me know and I'll appoint one for you." [Appendix to Government Brief, pp. 3–4]. Shea then signed a written waiver of counsel and entered a plea of not guilty.[2] There is no indication in the record, nor does he contend, that he subsequently requested the appointment of counsel.

At the beginning of the trial before Judge O'Kelley, the following exchange occurred:

THE COURT: All right. Mr. Shea, come up a moment. Have you previously been advised of your right to have an attorney represent you?

DEFENDANT SHEA: Yes.

THE COURT: You understand you have a constitutional right to be represented by an attorney, is that correct?

DEFENDANT SHEA: Yes.

---

ed States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); United States v. Hoffman, 488 F.2d 923 (5th Cir. 1974); United States v. Steiner, 469 F.2d 760 (5th Cir. 1972); Gee v. United States, 452 F.2d 849 (5th Cir. 1971).

2. The written waiver signed by Shea is as follows:

PLEA WITH WAIVER OF COUNSEL
I, Neal Allen Shea, defendant having received a copy of the within (information),

having been arraigned and having been advised of my Constitutional right to the assistance of counsel and offered counsel by the Court, waive the right to the assistance of counsel and PLEAD not guilty to Count One thereof.
In Open Court this 29th day of September, 1972.

/s/ Neal Allen Shea
Defendant
Route 3, Hamby Road
Acworth, Georgia 30101
Defendant's address

THE COURT: You desire to represent yourself?

DEFENDANT SHEA: Yeah. *I suppose I would like to have the attorney for counsel but I was told if I had an attorney he would have to handle the whole thing.* I don't know any of the legal points, what I'm supposed to do, but I can't let anybody else speak for me because nobody spoke for me when I refused to go into the Army. (Emphasis added.) [Trial transcript, p. 3]

 We must reject Shea's argument that he did not knowingly, intelligently and voluntarily waive counsel. We are aware that he plainly stated that he would like to manage his own case and yet have an attorney "for counsel." However, such advisory counsel is not available under 28 U.S.C. § 1654.[3] Under that statute, Shea had a right to appear pro se or to be represented by counsel, but he did not have a right to a hybrid representation, partly by himself and partly by counsel. Lee v. Alabama, 406 F.2d 466 (5th Cir. 1969); Shelton v. United States, 205 F.2d 806 (5th Cir. 1953). *See also* Duke v. United States, 255 F.2d 721 (9th Cir. 1958). It is clear from the trial transcript that Shea did knowingly, intelligently and willingly choose to speak for himself at trial and, thereby, waived the assistance of counsel. It is not the function of an appellate court to consider the wisdom of such a decision; it is our duty to make sure that the choice was knowingly, intelligently and voluntarily made. In this case, we feel that it was.

 Shea next claims that his local selective service board violated 32 C.F.R. § 1632.2 when it placed his induction in abeyance pending a security investigation presumably occasioned by his denunciation of loyalty to the United States and his announcement of intention to join the Communist Party of the United States. The induction was held in abeyance from November 4, 1969, until May 25, 1970. He urges that this delay rendered his induction notice void and that he was under no further duty to report and submit for induction. Section 1632.2 of 32 C.F.R. provides:

(a) In case of *death* of a member of the registrant's immediate family, *extreme emergency* involving a member of the registrant's immediate family, *serious illness* of the registrant, or other *emergency beyond the registrant's control*, the local board may, after the Order to Report for Induction (SSS Form 252) has been issued, postpone until a date certain the time when such registrant shall report but such date shall not be later than 60 days from the date of such postponement. In case of *imperative necessity*, the local board may grant one further postponement to a date certain but such date shall not be later than 60 days from the date of such postponement. (Emphasis added.)

\* \* \* \* \* \* 

(d) The local board shall issue to each registrant whose induction is postponed a Postponement of Induction (SSS Form 264). A copy of such form shall be mailed to the State Director of Selective Service, and a copy filed in the registrant's Cover Sheet (SSS Form 101). The local board shall note the date of the granting of the postponement and the date of its expiration in the "Remarks" column of the Classification Record (SSS Form 102).

We do not think that 32 C.F.R. § 1632.2 is applicable to the situation at hand and, therefore, we reject the contention that the failure to comply with the regulation vitiated the induction order. This regulation provides for postponement of induction in cases of serious illness and personal and family emergencies; such was not the cause of the delay in this case. Whatever delay occurred in Shea's induction was caused by his repeated assertions of physical ailments and other

---

3. 28 U.S.C. § 1654 provides:

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

alleged disabilities and because of a necessary security investigation which, in turn, was the result of his unsubstantiated allegations of disloyalty. We do not consider the delay to be chargeable to Shea's local board and, accordingly, we find that the board had no duty to follow the formal postponement procedures of 32 C.F.R. § 1632.2.[4] *See* United States v. Malatesta, 447 F.2d 1365 (9th Cir. 1971) and United States v. Evans, 425 F.2d 302 (9th Cir. 1970).

Finally, Shea contends that the induction order was invalid due to his claimed narcotics addiction and alleged physical disabilities. On April 29, 1969, he was found medically qualified for induction by the examining physician at AFEES. At that time, he raised numerous objections to the physician's finding and, in addition, claimed that he was a drug addict. Since his claimed infirmities were not found by the examining physician, he was advised that he should present supportive documentary evidence to his local board prior to induction. The only documentary evidence that he offered was a lengthy, self-serving letter to his local board in which he painstakingly detailed his earlier allegation of drug addiction and physical impairments. This letter was considered by the examining physicians at AFEES, but no change was made in his medical profile. At a second physical examination on September 8, 1969, Shea was again found medically qualified. He was again advised to present evidence to substantiate his claimed ailments, but no evidence was proffered. Generally, the physical fitness of a registrant is a question for the examining physicians and not one for the courts. This court will not interfere with the opinion of the examining physicians that Shea was medically qualified simply because Shea wrote a letter to his local board claiming he was a drug addict and that he had numerous other disabilities. United States v. Sowul, 447 F.2d 1103 (9th Cir. 1971); United States

v. Shunk, 438 F.2d 1204 (9th Cir. 1971); United States v. Haifley, 432 F.2d 1064 (10th Cir. 1970), cert. denied, 401 U.S. 981, 91 S.Ct. 1197, 28 L.Ed.2d 333 (1971); Byrne v. Resor, 412 F.2d 774 (3d Cir. 1969).

Affirmed.

---

4. To the extent that they conflict with our holding in this case, we decline to follow United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970), and United States v. Stevens, 438 F.2d 628 (9th Cir. 1970).