UNITED STATES of America, Appellee,

v.

James Andrew LANG et al., Appellants.

UNITED STATES of America, Appellee,

v.

Otha Lee LOWE, Appellant.

Nos. 75–1524, 75–1525.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 10, 1975.

Decided Nov. 4, 1975.

---

W. J. Chandler, Jr., Charlotte, N. C. [Court-appointed] (William M. Claytor, Charlotte, N. C. [Court-appointed], on brief), for appellants.

Douglas M. Martin, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and FIELD, Circuit Judges.

PER CURIAM:

This is an appeal by four persons convicted of bank robbery—Huntley and Lowe as aiders and abettors to principals Lang and Harris.

█ It is not error to refuse motions for severance where there is no suggestion that joinder will result in prejudice. Nor may these defendants successfully claim error in that the district court in its discretion severed the trial of a fifth defendant who subsequently testified as a government witness.

█ Lang moved the court to permit him to appear as co-counsel. Absent some indication of special need, it is not error to deny such a motion. *United States v. Shea,* 508 F.2d 82 (5th Cir. 1975); *Duke v. United States,* 255 F.2d 721 (9th Cir. 1958); *United States v. Swinton,* 400 F.Supp. 805 (S.D.N.Y.1975). *See also Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Appellant Lang argues that it was error to admit as evidence $300 obtained by police officers from the apartment of Mrs. Bertha Suber where he was arrested. We conclude that Lang lacks stand-

ing to challenge this search as violative of his fourth amendment rights.

 *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), and *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), set out the minimal "privacy" and "possessory" interests required to establish standing. These cases hold standing to exist where either: (1) "possession of the seized evidence is itself an essential element of the offense with which the defendant is charged . . .," or (2) the defendant is "legitimately on [the] premises when the search occurs." *Simmons, supra,* 390 U.S. at 390, 88 S.Ct. at 974.

 We believe that Lang satisfies neither test. First, as *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), clearly demonstrates, the "automatic" standing afforded to defendants charged with possessory offenses is narrowly limited to those circumstances where "possession of the seized evidence at the time of the contested search and seizure" is an " 'essential element of the offense . . . charged.' " 411 U.S. at 228, 93 S.Ct. at 1569. Since possession of stolen money at the time of the search was not an essential element of the crime of bank robbery charged in this case, appellants, under this test, lack standing to challenge the search.

 Secondly, Lang was not "legitimately on the premises" of Mrs. Suber's apartment at the time of the search. Her testimony at trial clearly shows that she was aware of Lang's purpose of avoiding detection by the police when he entered her apartment, and that the $300 left by him there was tendered as payment for providing him with a hiding place from the police. App. 66–70. Thus, in no sense was Lang legitimately there when arrested, and therefore he and a fortiori all other appellants[1] lack standing to challenge the search. *Com-*

*pare Holloway v. Wolff,* 482 F.2d 110 (8th Cir. 1973).

Other errors assigned are without sufficient merit to require discussion.

*Affirmed.*

---

1. *Alderman v. United States,* 394 U.S. 165, 171–72, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).