UNITED STATES of America ex rel. Lawrence Lee GUINEA, Petitioner,

v.

Malcolm BEARD, Sheriff of Hillsborough County, Florida, Respondent.

No. 75–908–Civ–T–R.

United States District Court, M. D. Florida, Tampa Division.

Feb. 10, 1976.

Joseph F. McDermott, of McDermott & Ohle, P. A., St. Petersburg, Fla., for petitioner.

John D. Hooker, Asst. State's Atty., Tampa, Fla., for respondent.

## MEMORANDUM OF DECISION

REED, District Judge.

The petitioner Lawrence Lee Guinea was charged by an information filed in the County Court in and for Hillsborough County, Florida, with possession of less than five grams of marijuana, an offense against the laws of the State of Florida (Section 893.13(1)(f), Florida Statutes 1974.)

The petitioner was arraigned and plead not guilty. At that time he was represented by the Public Defender for Hillsborough County. Subsequently, the petitioner appeared before a County Judge for Hillsborough County on 1 April 1974. The petitioner was accompanied by a Public Defender who advised the County Judge as well as the petitioner that the Public Defender's Office would not represent the petitioner because petitioner's earnings exceeded that limit set by the Public Defender as a means of withholding free counsel from those who are financially able to employ a private attorney. By inquiring of the petitioner, the County Judge determined as a matter of record that the petitioner was then employed for a salary of $150.00 per week, was nineteen years of age, and was not married. On that basis the judge permitted the Public Defender to withdraw over the strenuous objection of the petitioner and his mother.

At the hearing on 1 April 1974, the trial judge explained to the petitioner the significance of the offense with which he was charged, the penalty involved, and of his right to secure private counsel. Thereupon the petitioner advised the County Judge that he wished a continuance to enable him to hire an attorney. The judge granted the request and advised the petitioner that the cause would be continued until 6 May 1974 at which time the petitioner would be expected to appear for trial.

On 6 May the petitioner appeared before the County Court without counsel. He indicated to the court that although he had had an opportunity to find a lawyer he did not secure one because he could not afford one. The petitioner also indicated to the court that he desired to plead nolo contendere and waive trial. Thereafter, the trial judge fully explained to the petitioner the penalties involved and the significance of a plea of nolo contendere. The court accepted the

plea of nolo contendere and withheld the adjudication pending a pre-sentence report.

On 13 August 1974, the petitioner appeared before the court for sentencing. By the time of sentencing, the trial judge had apparently determined that the petitioner had a prior conviction for possession of marijuana and was at one time involved in what the judge thought was a drug-related auto accident. With that background, the judge adjudicated the petitioner guilty and sentenced him to one year in the county jail, the maximum jail term permissible.

▇ Following the adjudication and sentencing, the petitioner was held in custody for a period of approximately two months and three weeks and was thereupon released and is still at liberty on bail. That petitioner is not presently in physical custody does not affect this court's jurisdiction. Because the petitioner's liberty is subject to extinction on the conclusion of this proceeding, he is "in custody" for purposes of the federal habeas corpus statute. See *Hensley v. Municipal Court*, 1973, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294.

After having exhausted his state court remedies, the petitioner filed in this court a petition for a writ of habeas corpus charging that:

". . . Petitioner has been unconstitutionally:

(a) Denied effective assistance of counsel wherein his court appointed counsel arbitrarily and summarily withdrew at his trial scheduled on April 1, 1974, on the sole basis he has become employed.

(b) Denied counsel at critical stages of the proceeding; to wit: entry of plea of nolo contendere and sentencing after advising the court he could not afford counsel, contrary to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States."

The petition came on for an evidentiary hearing on 29 January 1976. At the hearing before this court, the petitioner testified that on 1 April 1974 he was an unmarried high school graduate with no dependents. Since February, 1974 he had been employed in construction work and he had resided alone in a two bedroom house in an average neighborhood in Pinellas County, Florida. He rented the house for $150.00 per month. The petitioner also testified that on 1 April 1974, he owned a 1967 Plymouth automobile the value of which was approximately equal to the amount he owed on it.

The petitioner's earnings from his employment on 1 April 1974 were $150.00 per week. From 1 February 1974 to 1 April 1974, the petitioner had been unemployed for a period of about six weeks. The petitioner testified that on 1 April 1974 he had no debts, except for a $500.00 obligation to his mother, and had $200.00 to $300.00 in cash. He had no other assets.

After the petitioner appeared in the County Court on 1 April 1974, he contacted an attorney in St. Petersburg and one in Tampa. The St. Petersburg attorney told petitioner that he would charge $2,000.00 to represent him and would require a retainer between $250.00 and $500.00. The Tampa attorney whom the petitioner contacted advised that he would require $2,500.00 as an attorney's fee and a retainer of $700.00. The petitioner testified that neither attorney would appear in court without the payment of the retainer. The petitioner made no other efforts to employ counsel.

This court was advised by the Assistant State's Attorney that the Hillsborough County Bar Association at the time in question had a lawyer referral service which made attorneys available to persons who, though not indigent, could not afford a normal attorney's fee. The petitioner testified that he was not aware of the lawyer referral service, and the record reveals the trial court did not advise him of the existence of the lawyer referral service.

The issue here is whether or not the petitioner's right to counsel was adequately protected by the proceeding in the trial court.

■ Under the Fourteenth Amendment, a person who comes before a court as an accused in a criminal proceeding of the nature here involved has an absolute right to be represented by appointed counsel, if he desires but is not able to employ private counsel. *Gideon v. Wainwright*, 1963, 372 U.S. 335, 340, 83 S.Ct. 792, 9 L.Ed.2d 799; *U. S. v. Shea*, 5 Cir., 1975, 508 F.2d 82, 85.

■ Whether or not a given defendant is able to employ counsel is a question of fact which must be determined in each instance by the trial judge. Such determination cannot be made simply by reference to arbitrary guidelines established by the public defender. It is quite possible that one may have an income and still by reason of other debts, inexperience, lack of knowledge, standing in the community and a myriad of other factors that affect one's ability to function, be unable to employ counsel.

■ The record that was established before the trial court on 1 April 1974 was totally insufficient to support a conclusion that petitioner was able to employ counsel. The facts before the trial court reflected only that the petitioner had a salary of $150.00 per week and was unmarried. The petitioner was never advised as to how he might have secured counsel on a small fee basis, and the record before this court indicates he had no independent knowledge of the lawyer referral services available in Hillsborough County at the time in question. There was nothing in the record that could have supported a conclusion that at the time and place in question the petitioner, with his limited knowledge and resources, in fact could have secured reasonably effective counsel without the aid of a court appointment. The evidence presented before this court simply confirms a negative conclusion as to petitioner's ability to secure counsel.

This court concludes as a matter of law that when the state trial court, over petitioner's objection, permitted the public defender to withdraw from the cause without an adequate showing on the record that petitioner in fact was able to employ counsel, the petitioner's fundamental right to appointed counsel was violated.

■ While prejudice is not essential to the redress of the denial of a fundamental constitutional right, it does appear from this record that petitioner was prejudiced by the lack of counsel at the plea change on 6 May 1974 and sentencing in August 1974. The trial court, for example, accepted the tendered plea without establishing on the record a factual basis for the plea. See Rule 3.170(j), Fla.Rules of Cr.Proc. At the time of sentencing, the court may have enhanced the sentence because of petitioner's prior misconduct. Had petitioner been represented by counsel, facts in mitigation might well have been adduced to moderate sentence.

For the reasons stated the writ should issue.