UNITED STATES of America, Appellee,

v.

Frank SACCO, Appellant.

No. 76–1827.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 13, 1978.

Decided March 2, 1978.

Certiorari Denied April 24, 1978.
See 98 S.Ct. 1656.

James J. Nolan, Jr., Third Year Law Student, and Paul Mark Sandler, Baltimore, Md. (Steven K. Fedder, Third Year Law Student, on brief), for appellant.

Paul R. Kramer, Deputy U. S. Atty., Baltimore, Md. (Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

Frank Sacco was convicted of collecting an extension of credit through extortionate means, using interstate commerce to further an extortionate scheme, and conspiracy to commit both offenses in violation of 18 U.S.C. §§ 894, 2 and 1952. In this appeal his two principal assertions of error are, first, that contrary to the decision in *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 651, 22 L.Ed.2d 176 (1969), the district court denied him an adequate opportunity to show that the government's case was tainted by unconstitutionally obtained evidence, and, second, that the district court erred in refusing to allow him to serve as cocounsel with his court-appointed attorney. We see merit in neither contention, nor in any of the other claims raised in defendant's brief. We therefore affirm the judgment of the district court.

## I.

During the cross-examination of a prosecution witness reference was made to the existence of wiretaps that had been placed on defendant's phone by New York law enforcement officials in connection with an unrelated investigation. When this disclosure was discussed at a bench conference, the prosecution informed the district court that, while it had been aware of the state wiretaps prior to trial, it had in no way relied upon information obtained through them in preparing its case. The district court indicated that it would reserve ruling on the taint issue until after trial.

When the jury returned a verdict of guilty, it became necessary to resolve the taint issue. Toward that end, the district judge presided over ten days of hearings in November 1972, during which the government called numerous witnesses who uniformly testified that the New York wiretaps had not affected the federal investigation or prosecution.* Defendant, who was represented by counsel, was given the opportunity to cross-examine these witnesses, but he insisted that the hearings could not be fully effective unless he was permitted to review the tapes and wiretap transcripts themselves. The district court agreed and ordered that the tapes, transcripts and logs of recorded conversations to which Sacco was a party be produced. Although resistance by New York officials made production difficult, the tapes, transcripts and logs were eventually collected. Defendant was transferred to the federal prison in Lewisburg to listen to them in January 1974.

In July 1974, defendant notified the district court that he had finished reviewing the wiretap information. The court then instructed defendant to file a list of the witnesses he intended to call at the next hearing and a proffer of their testimony. Despite considerable prodding by the court, the requested proffer was not filed until May 25, 1975. No further proceedings took place, however, because defendant escaped from federal custody on June 16, 1975. As a result, the government moved to dismiss the taint motion, and the court granted dismissal at a hearing in July 1975. Defendant received notice of this hearing through his attorney, but chose not to attend.

After being returned to custody, defendant renewed his contention that the prosecution's evidence had been tainted. The district court refused, however, to reconsider its prior order dismissing the taint motion. Moreover, at sentencing the district court indicated that, if the issue had been reached, it would have found beyond a reasonable doubt that the government had not used the fruits of the New York wiretaps, directly or indirectly, in the prosecution in the district of Maryland.

## II.

In *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), the Supreme Court ruled that a defendant who alleges that evidence at his trial was tainted as the fruit of an illegal wiretap is entitled to examine all surveillance records as to which he has standing to object. The district court ordered that this be done. *Alderman* also held that the question of taint should be resolved through adversary proceedings, and it is this aspect of *Alderman* that defendant contends was not observed. Specifically, defendant contends that the district court failed to conduct such adversary hearings properly because it required defendant to provide a list of proposed witnesses and a proffer of their testimony, and because it refused to reopen the issue of taint after his recapture. We think that these contentions are insubstantial.

In requesting the defendant to supply a proffer of witnesses and their testimony, the district court followed acceptable and established procedure. Courts often request such information because it provides them with a factual basis on which to exclude irrelevant evidence and evidence which is merely cumulative, as well as to

---

* Throughout the taint proceedings, it was assumed that the New York wiretaps had been illegally obtained. The New York Court of Appeals, however, had approved their use in an appeal from defendant's conviction on state charges.

reduce the costs of litigation, without expending the time and effort which would be consumed by hearing the evidence at length. *Alderman* in no way implied that the adversary proceedings were to be conducted in a special manner different from other litigation, and we see no abuse of the district court's discretion properly to manage the trial.

Defendant earnestly presses his claim that the taint issue should have been reopened after he was returned to custody, but he cites no authority to support his argument. The absence of authority is not surprising because it is difficult to think of a more striking example of waiver. Defendant escaped just when the adversary proceedings had progressed to the point where they could be completed. He bears the responsibility for their accelerated end. In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Supreme Court held that a defendant who escaped while his appeal was pending was not entitled "to call upon the resources of the Court for determination of his claims." 396 U.S. at 366, 90 S.Ct. at 499. We think that this principle amply supports the district court's dismissal of the taint motion as well as his refusal to reopen the proceedings. *See United States v. Shelton*, 508 F.2d 797 (5 Cir.), *cert. denied*, 423 U.S. 828, 96 S.Ct. 45, 46 L.Ed.2d 44 (1975).

### III.

Defendant also objects to the district court's refusal to allow him to serve as cocounsel, claiming that this violated the spirit of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). At the outset, we note that the record shows that the district court effectively permitted defendant to function as cocounsel in most aspects of the trial, notwithstanding the withholding of formal approval. He was permitted to file and argue motions, to participate in bench conferences, and even to address the jury in closing argument. He was denied only the right to cross-examine witnesses. We speak, therefore, only as to cross-examination.

*Faretta* held that a criminal defendant has a constitutional right to represent himself *pro se* if he voluntarily and intelligently elects to do so. But *Faretta*, which emphasized the element of coercion in forcing unwanted counsel upon a defendant, 422 U.S. at 820–21, 833–34, 95 S.Ct. 2525, does not speak to the question of joint representation, and the federal courts have uniformly held that there is no correlative right to serve as cocounsel. *E. g., United States v. Hill*, 526 F.2d 1019 (10 Cir. 1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976). We have stated that a district court need not permit a defendant to appear as cocounsel unless there is a showing of special need. *United States v. Lang*, 527 F.2d 1264, 1265 (4 Cir. 1975).

Defendant claims that a special need existed here because his greater familiarity with the facts would have enabled him to cross-examine more effectively than his attorney. We do not think that this amounts to the type of special need envisioned in *Lang*, however, for defendant could have sufficiently informed his counsel about the facts to allow him to perform adequately.

### IV.

We see no merit in any of the other claims raised in the defendant's brief and they are not of sufficient substance to warrant discussion.

*AFFIRMED.*