577 F.2d 867
 UNITED STATES of America, Appellee,
v.
Lenear Charles DUNLAP, Appellant.
 No. 77-1263.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1978.
Decided June 1, 1978.
 
 Kenneth A. Zick, II, Asst. Professor of Law, Winston Salem, N. C. (George K. Walker, Professor of Law, Wake Forest University School of Law, Winston Salem, N. C., on brief), for appellant.
 Robert A. Rohrbaugh, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.
 Before BUTZNER and HALL, Circuit Judges, and KAUFMAN, District Judge.*
 K. K. HALL, Circuit Judge:
 
 
 1
 Defendant appeals his convictions for bank robbery, bank larceny and assault during a robbery.[1] Finding no merit in any of defendant's assertions of error, we affirm.
 
 
 2
 Defendant first argues that his absence from a pre-trial hearing constituted a violation of his right to be present at every stage of the trial. The record reveals that defendant's two attorneys, on the record, at the commencement of the hearing, informed the court that they had advised the defendant not to attend the hearing since the issue of identification was to be raised, and since potential identifying witnesses would be present. After questioning defendant's attorneys, the trial court determined that defendant had understood his rights and indeed waived his right to be present. Since the filing of this appeal, defendant has sworn, by affidavit, that he did "not recall speaking to either (of his attorneys) until after the suppression hearing was completed . . . ."
 
 
 3
 The statements by defendant's attorneys were made before the hearing began and indicate a tactical decision to prevent the defendant's identification by certain witnesses before trial. Defendant does not directly deny that he had a conversation with his attorneys during which he waived his rights; he merely says that he "(did) not recall" such. Although the better practice would be to bring the defendant before the court and place his waiver on the record before the hearing began, we hold that the record here sufficiently indicates that a waiver indeed occurred.
 
 
 4
 Second, defendant contends that the court's failure to grant his request to personally make his closing argument violated his right to act as his own counsel, as expressed in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This court has held that it is not error to deny the defendant's motion to appear as co-counsel. E. g., United States v. Lang, 527 F.2d 1264, 1265 (4th Cir. 1975). However, the defendant argues that this rule does not apply since he desired to dismiss his attorneys and assume sole responsibility for his defense. This being so, we nevertheless hold that a defendant does not have an absolute right to dismiss counsel and conduct his own defense after the trial has commenced.
 
 
 5
 Although Faretta unquestionably established a defendant's Sixth Amendment right of self-representation, the idea was not new to the federal courts. Under 28 U.S.C. § 1654,[2] federal defendants had long possessed the statutory right of self-representation, and even before Faretta, many federal courts had also found this right grounded in the Sixth Amendment. E. g., United States v. Denno, 348 F.2d 12, 15 (2nd Cir. 1965) ("The right derives, not from legislative enactments or judicial rules, but from the Federal Constitution.") However, under either theory, statutory or constitutional, the right was not absolute and could be limited or waived if not raised before trial. E. g., United States v. Dougherty, 154 U.S.App.D.C. 76, 86, 473 F.2d 1113, 1123 (1972). In justifying the need to timely raise the right of self-representation, the courts recognized, among other things, the need to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury. In light of this limitation on the right of self-representation existing before Faretta, the courts held that whether the defendant could dismiss counsel and proceed pro se was within the sound discretion of the trial court. E. g., United States v. Dougherty, supra ; United States v. Denno, supra; Butler v. United States, 317 F.2d 249, 258 (8th Cir. 1963).
 
 
 6
 Faretta, although clarifying the Sixth Amendment right of self-representation, did not deal with the situation where the defendant attempts to dismiss counsel and proceed pro se after trial has begun. The facts of Faretta reveal that "(w)ell before the date of trial, . . . Faretta requested that he be permitted to represent himself. . . ." 422 U.S. at 807, 95 S.Ct. at 2527. Such being the facts of Faretta, that case does not directly control the issue here, nor do we believe that Faretta in any way changes the rule that once trial has begun, it is within the trial court's discretion whether to allow the defendant to dismiss counsel and proceed pro se. Accord, Sapienza v. Vincent, 534 F.2d 1007, 1010 (2nd Cir. 1976).[3] The reasons for limiting the right after trial has begun, as explained above, are not diminished by Faretta and remain viable justifications for trusting this decision to the sound discretion of the trial court. The facts of this case do not reveal an abuse of that discretion.
 
 
 7
 Finally, as the parties agree, defendant's sentence must be corrected in two aspects. First, the commitment order erroneously indicated that there were aiding and abetting convictions. Admittedly, these were clerical errors, and are vacated. Second, in light of Walters v. Harris, 460 F.2d 988, 994 (4th Cir. 1972), the bank larceny charge and the assault charge are vacated, leaving defendant with a twenty-year sentence for bank robbery. We see no need to remand for re-sentencing. United States v. Amos, 566 F.2d 899, 901 (4th Cir. 1977).
 
 
 8
 AFFIRMED in part; VACATED in part.
 
 
 
 *
 United States District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 The commitment order indicated that defendant had been convicted of aiding and abetting as to each offense. Such was not the case, and this point is dealt with below
 
 
 [2]
 28 U.S.C. § 1654 provides:
 In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.
 
 
 [3]
 In Sapienza, the second circuit expressly held that Faretta in no way diminished that circuit's rule requiring a defendant to raise the right of self-representation before trial, or suffer diminution or loss of the right. See United States v. Denno, supra