**UNITED STATES of America**

v.

**John D. RULE, et al.**

**Crim. No. 84–00016 P.**

United States District Court, D. Maine.

Dec. 27, 1984.

See also, 594 F.Supp. 1223.

**128**

Margaret McGaughey, Asst. U.S. Atty., Portland, Me., for plaintiff.

Samuel Harris Dawson, Gallop, Dawson, Kimelman & Clayman, New York City, for John D. Rule.

E. Paul Eggert, Mittel & Hefferan, Portland, Me., for Dennis A. Beckwith.

Stephen W. Devine, Portland, Me., for Nancy Beckwith.

Guy L. Heinemann, New York City, for Thomas Alexander Browning.

Judy Potter, The University of Maine School of Law, Portland, Me., for Robert M. Cushner.

Thomas O'Rourke, New York City, for Michael Leto.

Julian Sweet, Berman, Simmons, Laskoff & Goldberg, Lewiston, Me., for Thomas McHugh.

Graydon Stevens, Kelly, Remmel & Zimmerman, Portland, Me., for Alan J. Mineart.

David C. Pomeroy, Portland, Me., for Daniel J. Quinn.

Peter J. DeTroy, Portland, Me., for Richard W. Robinson.

Richard Berne, New York City, for Gerald Sher.

John D. Patten, Patten & Ganun, New York City, for Craig James Sterner.

Richard Emerson, Portland, Me., for Thomas Streifel.

Peter K. Wilson, New York City, for Kyle Vanden Heuvel.

## MEMORANDUM OF DECISION AND ORDER ON GOVERNMENT'S MOTION TO SEVER DEFENDANT STERNER FOR TRIAL

GENE CARTER, District Judge.

The Government commenced this prosecution by means of a multicount Indictment charging all fourteen named defendants and a "John Doe" defendant. Count I of the Indictment charges all of the defendants with the offense of conspiracy to violate the provisions of 21 U.S.C. §§ 841(a)(1), 841(b)(6), and 846. The remaining fifteen counts charge various defendants, in differing combinations, with the offenses of possession of cocaine on various dates with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After hearing, the Court previously severed Count I of the Indictment from the remaining counts and ordered that the trial of Count I shall proceed before trial on the other counts. On December 26, 1984, the Court ordered the severance for trial on Count I of three defendants, Rule, Quinn, and Streifel, due to the pendency of the Government's appeal from a pretrial suppression order affecting only the interests of those three defendants. Various other defendants have sought severances and individual trial on Count I. Those motions were either denied or found not to require Court action on December 26, 1984. Two other defendants, the Beckwiths, have been severed for separate trial as a result of a pretrial suppression ruling affecting their interests.

Presently before the Court is the Government's motion, filed on December 11, 1984, to sever trial of the Defendant Sterner and to proceed to trial on Count I in that case before trial of the other defendants. The motion was heard by the Court on December 20, 1984.

The Government sets out in the motion its reasons for the requested severance: In support of such motion, the Government states that it is in the interest of justice to try Defendant Sterner apart from the other defendants. Whereas trial of all defendants presently scheduled to begin on January 3, 1985 would require approximately fifty witnesses and several weeks time, trial of Sterner alone could be completed in two to three days. The results of a trial against Sterner would have a substantial impact on the need to try the remaining defendants and could substantially conserve the judicial resources required to resolve this case.

At oral argument the Government asserted that it intended, if permitted to do so, to try Defendant Sterner first and subsequently, regardless of the outcome of that trial, to grant him immunity under 21 U.S.C. § 884 and call him as a witness in the course of the Government's case-in-chief against the remaining defendants at trial on Count I. Such a trial of Defendant Sterner, the Government further asserts, would take only three days. This procedure, the Government claims, holds forth the hope of shortening the trial of the remaining defendants and even of obviating the need for trial of some or all of them. The Government suggests that the imminence of Defendant Sterner's testimony in the second trial could well induce an interest of one or more defendants in that trial in seeking to achieve successful plea bargains.

All defendants are treated here as objecting to the Government's motion. Only counsel for Defendant Sterner spoke at hearing in response to the motion. It is clear that the other defendants consider their interest in securing the denial of the motion to be dependent upon, if not derivative from, whatever right and interest Defendant Sterner has to that end. It may be said, in any event, that they have no right, independent of Defendant Sterner's, that would justify the Court, in the exercise of an informed discretion, in denying the motion. They, as individual defendants, have no right to be tried with Defendant Sterner, nor for that matter, with any other defendant. *United States v. Bronson,* 145 F.2d 939, 943 (2d Cir.1944). Further, the public interest, and in some respects, their interests, require that their trial be an effective search for the truth. The adducement of evidence reasonably calculated to achieve that result is in the service of those interests and is the proper duty of the Government. The Government could have secured that end by indicating these defendants separately, and it is not prohibited from doing so by seeking severance where it has elected to indict them jointly. *United States v. Grullon,* 482 F.Supp. 429 (E.D. Pa.1979); *United States v. Lang,* 527 F.2d 1264 (4th Cir.1975); *Cephus v. United States,* 324 F.2d 893, 898 n. 22 (D.C.Cir. 1963).

Thus, the Court is satisfied that here the Government has established sufficient prejudice to require relief from joinder under Fed.R.Crim.P. 14. Maintenance of the joinder will result in the Government being deprived of evidence likely to be available and admissible at the trial of the other defendants. No showing has been made on the part of those defendants that any violation of a legally cognizable interest possessed by any of them will occur if the requested severance is granted.

Finally, there will be no infringement of the right of other defendants to a prompt trial under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.* According to the Court's calculation, no time has run on the Speedy Trial clock. The effect of Defendant Sterner's severance on scheduling the other trial will be to impose a delay of no more than three or four days in its commencement.

With respect to Defendant Sterner, the showing of prejudice to the Government if the joinder is maintained is likewise made, on the basis of the same considerations. The question now becomes: Does Defendant Sterner have any legally cognizable interest that will be improperly affected by the severance of his case from that of the other defendants? His counsel at oral ar-

gument put forth, with commendable candor, those points that must be addressed in responding to this inquiry. It must first be acknowledged that Defendant Sterner has no legal right to frustrate the Government's interest in proving the guilt of other defendants on this Indictment. Counsel suggests, however, that the Government's proposed strategy will not work because Defendant Sterner may at some point successfully invoke his Fifth Amendment rights. That may well be, but that is no ground to deny the strategy a chance to be employed. The Government seeks an opportunity and not a guarantee. From the Court's rather detailed knowledge of much of the evidence in this case, gained during extensive pretrial motion practice, the Court is satisfied that the Government may reasonably believe from Defendant Sterner's known involvement in certain events that he can make a considerable contribution to the Government's case with respect to the other defendants. To the extent that he can be required to do so without infringing his Fifth Amendment or other rights, the public interest in an effective and fair trial process militates strongly in favor of that being done.

If, in playing out that scenario, the Court shall determine that Defendant Sterner's Fifth Amendment or other rights are improperly prejudiced, it can take effective action to protect them at that time and it may well be that, as a result, the Government's strategy will fail. If so; so be it. That result will simply mean that the Government will have to proceed by other proof in that trial. It cannot now be said with any certainty, however, that such will be the case. If that situation does not materialize, a proper purpose will be served and no harm will be done to Defendant Sterner's legal interests.

Defendant Sterner, like the other defendants, cannot claim any right to be tried with the other defendants solely in order to serve his competing interests. *See United States v. Bronson, supra.* He cannot, any more than can any other defendant, claim as a right the ability to frustrate the Government's proof of the guilt of other defendants with respect to this Indictment. He must show some conflict with his own rights. Here, he can be separately tried before the other defendants are tried without any risk of harm to the fairness of *his* trial resulting from the severance.

Further, there is some potential for that process to conserve the Court's time and effort, in addition to fostering the search for the truth at the trial of the other defendants. Even though that consideration may be somewhat speculative and perhaps is not sufficient, *by itself,* to justify the severance, it surely is, nevertheless, a factor to which the Court may attach modest significance in the exercise of its discretion.

The Court is satisfied that the Government, all things being considered, should properly prevail on its motion. Accordingly, it is *ORDERED* that the Motion to Sever Trial of Craig Sterner, filed by the Government, be, and is hereby *GRANTED;* and the Government's case against Defendant Sterner is hereby *SEVERED* for trial on Count I of the Indictment, that case to be tried separately from, and in advance of, the trial of any other defendant.

So *ORDERED.*