988 F.2d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In Re Robert W. KEARNS, Petitioner.
 Misc. No. 360.
 United States Court of Appeals, Federal Circuit.
 Dec. 30, 1992.
 
 E.D.Mich.
 MANDAMUS DENIED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 Robert W. Kearns petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Michigan to vacate its October 26, 1992 order informing Kearns that he may not have counsel aid him without counsel entering an appearance and that he must commit by the time the joint pretrial statement is issued to whether to proceed pro se or with counsel. General Motors Corporation (GM) opposes.
 
 
 2
 This matter stems from Kearns' longstanding battle with the automobile manufacturing industry concerning the infringement of the claims of Kearns' patents relating to electronic intermittent windshield wiper systems. Kearns has been represented by various law firms over the last 13 years. As of March 1992, Kearns has been proceeding pro se.
 
 
 3
 The GM case is in the preparation-for-trial stage. GM moved for an order governing Kearns' pro se prosecution. Kearns opposed. On October 26, 1992, the district court issued an order stating (1) to the extent Kearns proceeds pro se, he is subject to the same rules as attorneys; (2) Kearns may not retain counsel to aid or assist him with the case without counsel formally entering an appearance; (3) Kearns may not use his pro se status or the complexity of the case as a reason for an extension of time or as excusable neglect for failure to act: (4) the court will look with disfavor on a motion for reconsideration that is grounded on the assertion that Kearns lacked adequate legal representation; and (5) Kearns must decide whether to proceed pro se or with representation by the time the joint pretrial statement is issued. The order does not prohibit Kearns from retaining legal expert witnesses.
 
 
 4
 Kearns petitions for a writ of mandamus seeking vacatur of the order. Kearns specifically targets the prohibition against aid or assistance from counsel, absent the formal entry of appearance, as "discriminatory, unlawful, and unconstitutional." In response, GM argues that Kearns has no right to deceive the jury by stating that he is pro se while receiving legal assistance, that the order seeks symmetry between pro se representation and representation by counsel, and that the order was within the district court's discretionary power to manage its docket.
 
 
 5
 The remedy of mandamus is a drastic one to be invoked only in extraordinary circumstances. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1990). Petitioner must show that its right to issuance is clear and indisputable. Allied, 449 U.S. at 35. Where a matter is committed to the discretion of the trial court, "it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied, 449 U.S. at 36. In sum, a party seeking a writ in a matter committed to the trial court's discretion has a extremely heavy burden.
 
 
 6
 Kearns has not carried his burden here. He has not shown that a party has the right to "hybrid" representation, i.e., represented partly by counsel and partly by oneself. See, e.g., O'Reilly v. New York Times Co., 692 F.2d 863 (2d Cir.1982), cert denied, 488 U.S. 856 (1988) (if a civil pro se litigant chooses to represent himself or herself pro se, then the litigant must "clearly and unequivocally discharge any lawyer previously retained"). See also, United States v. Zielie, 734 F.2d 1447 (11th Cir.1984) (a defendant does not have a right to hybrid representation); United States v. Shea, 508 F.2d 82 (5th Cir.1975) (party denied right to manage his own case and yet have an attorney for counsel). Hence, Kearns has not shown that his right to a writ concerning this issue is clear and indisputable.
 
 
 7
 The remaining portions of the order concern the district court's control of its own docket. Those concerns are within the broad discretion of the district court. Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2132 (1991). Kearns has not shown that these issues should be reviewed by way of a mandamus petition either.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 Kearns' petition for a writ of mandamus is denied.