**UNITED STATES of America, Plaintiff,**

v.

**Richard M. HIRSCHFELD, Defendant.**

CR. No. 90–142–N.
Civil A. No. 2:95cv1089.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 5, 1995.

David G. Barger, U.S. Attorney Office, Alexandria, VA, for Plaintiff.

Ronald R. Tweel, Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., Charlottesville, VA, for Defendant and Richard M. Hirschfeld, Charlottesville, VA, Defendant pro se.

## ORDER

CLARKE, District Judge.

On November 1, 1995, Mr. Hirschfeld filed a number of motions in this Court. Some of these were signed solely by Mr. Hirschfeld, but others were signed by both Mr. Hirschfeld and Mr. Tweel. Mr. Tweel signed the motions as "of counsel." Past submissions to the court on behalf of Mr. Hirschfeld had been signed solely by Mr. Hirschfeld as a pro se litigant. However, the additional signature of a lawyer (albeit signing as "of counsel") on that motion put Mr. Hirschfeld's pro se status in question. Section 1654 of Title 28 states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." A number of courts have held that this means that a person can either proceed pro se or represented by an attorney, but not by both methods—a "hybrid" representation—simultaneously. *United States v. Zielie*, 734 F.2d 1447 (11th Cir.1984), *reh'g denied*, 740 F.2d 979, *cert. denied*, 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985); *United States v. Daniels*, 572 F.2d 535 (5th Cir.1978); *United States v. Hill*, 526 F.2d 1019 (10th Cir.1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976); *United States v. Shea*, 508 F.2d 82 (5th Cir.), *cert. denied*, 423 U.S. 847, 96 S.Ct. 87, 46 L.Ed.2d 69 (1975); *Lee v. State of Alabama*, 406 F.2d 466 (5th Cir. 1968), *cert. denied*, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246, *reh'g denied*, 396 U.S. 871, 90 S.Ct. 44, 24 L.Ed.2d 129 (1969); *Non–Punitive Segregation Inmates of Holmesburg Prison v. Kelly*, 589 F.Supp. 1330 (E.D.Pa.1984), *aff'd*, 845 F.2d 1014 (3d Cir.1988), and *aff'd sub nom. Appeal of Silo*, 845 F.2d 1015 (3d Cir.1988); *Hall v. Dorsey*, 534 F.Supp. 507 (D.Pa.1982); *see also United States v. Sacco*, 571 F.2d 791 (4th Cir.), *cert. denied*, 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978) (federal courts have consistently held that there is no right of the defendant to represent himself and be represented by counsel).[1] Thus, in order to ascertain Mr. Tweel's status in this litigation and consequently to determine whether or not Mr. Hirschfeld was still proceeding pro se, this Court, in its Order of November 15, 1995, asked Mr. Tweel to explain his responsibilities in this matter as he understood them.[2] This Court was not seeking to eliminate Mr. Tweel from the case; rather, the Court was and is merely attempting to determine Mr. Tweel's relationship to the case and his responsibility to the movant and to the Court.

In his Response filed November 30, 1995, Mr. Tweel argues that his signing certain

---

1. In most of these cases, the issue arose at trial, generally when the defendant wanted to personally question witnesses or argue the case himself, but also wanted an attorney. In *Sacco*, the Fourth Circuit stated that "a district court need not permit a defendant to appear as cocounsel [at trial] unless there is a showing of special need." 571 F.2d 791, 793 (citing *United States v. Lang*, 527 F.2d 1264, 1265 (4th Cir.1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1127, 47 L.Ed.2d 328 (1976)); *see also Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir.1990), *cert. denied*, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991) (defendant did not have a right to present the closing argument at the end of his trial after being represented by two attorneys throughout the trial).

At least one appellate court, however, has addressed the issue of hybrid representation in reference to a habeas petition. In *Lee*, the Fifth Circuit held that under 28 U.S.C. § 1654 the defendant "had a right to represent himself or to be represented by counsel, but he had no right to a hybrid representation partly by himself and partly by counsel." 406 F.2d at 469. Similarly, in a 42 U.S.C. § 1983 case in which one prisoner repeatedly filed motions on his own behalf despite the fact that the prisoners were represented by counsel, a district court judge stated that "[o]rdinarily, a court will not consider pro se submissions from a party represented by counsel." *Non–Punitive Segregation Inmates of Holmesburg Prison v. Kelly*, 589 F.Supp. 1330 (E.D.Pa.1984), *aff'd*, 845 F.2d 1014 (3d Cir. 1988), *and aff'd sub nom. Appeal of Silo*, 845 F.2d 1015 (3d Cir.1988); *see also In re Moody*, 105 B.R. 368, 373 (S.D.Tex.1989) (all papers filed by the party while he was represented by counsel were stricken by the court because a party appearing "by counsel has no right to personally conduct, or assist counsel in conducting, the litigation of his case.").

2. The Virginia Code of Professional Responsibility, which has been incorporated as the ethical standard of this Court, *see* Eastern District of Virginia Local Rule 7(I), states that "[i]n presenting a matter to a tribunal, a lawyer shall disclose:

motions as "of counsel" does not implicate him as a counsel in this matter; rather, he signed the motions to "show the court that a member of the Virginia Bar has reviewed his [Mr. Hirschfeld's] allegations concerning the need for recusal...." Mr. Tweel also relies on caselaw to support the position that he is not counsel for Mr. Hirschfeld. This Court, however, disagrees with Mr. Tweel's interpretation of both the legal authority and his present status in this case.

The term "of counsel" is defined as "[a] phrase commonly applied in practice to the counsel employed by a party in a cause, and particularly to one employed to assist in the preparation or management of an action, or its presentation on appeal, but who is not the principal attorney of record for the party." BLACK'S LAW DICTIONARY 1080 (6th ed. 1990). Thus, when an attorney signs a motion as being "of counsel," this usually presupposes that there is a lead counsel who has also signed the motion or pleading. When there is no other signature of counsel in a matter, the signing "of counsel" by an attorney causes confusion because it is unclear to a court whether or not the attorney signing "of counsel" is signalling that he is the counsel appearing in the case. Because being "of counsel" generally indicates that the attorney is one of "the counsel employed by a party in a cause," *id.*, the Court believes that when interpreting the significance of a lone attorney signing a motion as being "of counsel," the better interpretation is that the attorney is the counsel appearing in the case.

Furthermore, contrary to Mr. Tweel's assertions, there is no caselaw contradicting this interpretation. The cases relied on by Mr. Tweel are irrelevant to the issue at hand. Both cases discuss the interpretation of "of counsel" within the meaning of 28 U.S.C. § 455 (1964). *Barry v. United States,* 528 F.2d 1094 (7th Cir.), *cert. denied,* 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed.2d 88 (1976); *Unit-*

ed States v. Amerine, 411 F.2d 1130 (6th Cir.1969). This statute had required a judge to disqualify himself from a case in which he has been "of counsel." 28 U.S.C. § 455 (1964).[3] These cases held that this statutory language includes judges who were former United States Attorneys when the case was prosecuted, investigated, or filed, because they are " 'of counsel' in any criminal prosecution in [their] district." *Amerine,* 411 F.2d at 1133; *see also Barry,* 528 F.2d at 1099 n. 14. These cases in no way explain the significance of the signature of an attorney as "of counsel" on a pleading or motion, such as we have here. In fact, these cases appear to weaken Mr. Tweel's arguments. Both cases illustrate that the judge's status of having been the United States Attorney during the prosecution of a case, even where he had no personal knowledge of the proceedings, was enough to have entangled him in the case so as to require disqualification. These cases, therefore, demonstrate that the term "of counsel" may be read very broadly in imposing liability or responsibility on the attorney. Thus, an attorney's signature as "of counsel" on a motion can easily be interpreted as a signal to the Court that the attorney is now the counsel of record in the case, which in turn imposes certain responsibilities and liabilities on the attorney, both with respect to the client and to the Court.

Finally, the Virginia Rules of Court state that " '[c]ounsel of record' includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case." VA. SUPREME COURT RULE 1:5. The Federal Rules of Civil Procedure do not have an analogous definitional section. However, this Court believes that a similar definition should apply here, where an attorney— Mr. Tweel—has signed a motion in the case. Whether Mr. Tweel signed it as "counsel" or as "of counsel" does not matter.

(1) That he appears in a representative capacity." VA.CODE OF PROFESSIONAL RESPONSIBILITY DR 7-105(B)(1). The Disciplinary Rules are mandatory, unlike the Canons and the Ethical Considerations. *See* VA.CODE OF PROFESSIONAL RESPONSIBILITY DR 1-102(A)(1).

3. The statute no longer uses the terminology "of counsel." *See* 28 U.S.C. § 455 (1988).

 

This Court is extremely concerned about the status of an attorney who appears connected to the case for a number of reasons. Being the counsel of record imposes a number of obligations on the attorney. Rule 11 requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record...." Fed. R.Civ.P. 11(a). The purpose of this rule is to hold an attorney accountable for the documents that are filed. *See id.* 11(b). In addition, "[n]o attorney who has entered an appearance in any civil or criminal action shall withdraw such appearance, or have it stricken from the record, except on order of the Court after reasonable notice to the party on whose behalf said attorney has appeared." Eastern District of Virginia Local Rule 7(G). Thus, in order for Mr. Tweel to withdraw from the case, he would have to make a motion to the Court after reasonable notice to his client.

In his Response, Mr. Tweel states that "the decision to refrain from signing briefs in an 'of counsel' status should in no way be viewed as a disassociation of myself from Mr. Hirschfeld's prior or future submissions to this court." This language indicates that Mr. Tweel has in the past and intends to continue to participate as an attorney in the matters in which he has been "of counsel." If such be the case, the Court insists that Mr. Tweel acknowledge that he is acting in his professional capacity as a lawyer and openly accept his responsibilities to Mr. Hirschfeld and to the Court. This Court would like to reemphasize it is not attempting to eliminate Mr. Tweel from the case; rather it is trying to determine Mr. Tweel's responsibilities to the Court and to Mr. Hirschfeld.

The Court **FINDS** that Mr. Tweel, by signing a motion to the Court, has become a counsel of record in this matter. Thus, if Mr. Tweel desires to be released from his status as counsel of record, he must submit a motion to this Court requesting release, and he must give proper notice to Mr. Hirschfeld. In the alternative, he may submit an order allowing him to withdraw as counsel in the case. He must endorse the order as "asked for" and Mr. Hirschfeld must endorse the order as "seen and agreed to."

It is so Ordered.