**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4146**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JONATHAN BENJAMIN MOORE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00103-CCE-2)

_____

Submitted:  November 20, 2014     Decided:  December 3, 2014

_____

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Benjamin D. Porter, MORROW PORTER VERMITSKY FOWLER & TAYLOR, PLLC, Winston-Salem, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Benjamin Moore was convicted after a jury trial of attempted possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2012), carrying and using by brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012), possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1), and 924(a)(2) (2012), attempted interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and was sentenced to 180 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court erred in failing to rule on Moore's pro se motion to suppress on its merits. The Government declined to file a brief. Moore was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Prior to trial and while represented by counsel, Moore - proceeding pro se - filed a self-styled motion to suppress evidence in which he requested that the district court order a fingerprint examination of firearms and exclude the

2

admission of statements under Fed. R. Evid. 403 and 408. The district court denied the motion without prejudice to any evidentiary objections counsel might make at trial.

We conclude that the district court did not reversibly err in failing to rule on Moore's claims in the motion on their merits. It is well-settled that a criminal defendant does not have a constitutional right to hybrid representation. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Singleton, 107 F.3d 1091, 1100-03 (4th Cir. 1997). Additionally, Moore did not suggest any reason why the district court should have exercised its discretion to allow some manner or form of hybrid representation in his case, and, on appeal, counsel does not suggest any reason why the court should have allowed such representation. See Singleton, 107 F.3d at 1100 (noting that a district court may, in its discretion, allow hybrid representation); United States v. Sacco, 571 F.2d 791, 793 (4th Cir. 1978) (holding that defendant need not be granted permission to serve as co-counsel absent showing of special need). Accordingly, the district court was under no obligation to entertain Moore's pro se motion and thus did not reversibly err in denying the motion without ruling on the merits of the claims presented therein.

Additionally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found

3

no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED